IN THE CIRCUIT COURT OF THE 5TH
JUDICIAL CIRCUIT IN AND FOR
SUMTER COUNTY, FLORIDA

IN RE: THE MATTER OF

**RICKY NIEUWENHOVEN**,                    CASE NO.:
                                          FAMILY DIVISION
     Petitioner,

and

**NICOLE PISANI**,

     Respondent.

_____/

## VERIFIED PETITION FOR RETURN OF MINOR CHILD TO PETITIONER

The Convention on the Civil Aspects of International Child
Abduction, done at the Hague on 25 Oct. 1980
International Child Abduction Remedies Act, 22 U.S.C. 9001 et seq.

This Petition is brought pursuant to the Convention on the Civil Aspects of International

Child Abduction, done at the Hague on October 25, 1980 ("Convention") and 22 U.S.C. §9001,

the International Child Abduction Remedies Act ("ICARA"). Petitioner, **RICKY**

**NIEUWENHOVEN** ("Petitioner"), seeks the return of the minor to their country of habitual

residence, and in support thereof states as follows:

### I. INTRODUCTION

1.    Petitioner and Respondent, **NICOLE PISANI** ("Respondent"), have one (1) minor

child in common, to wit: Adelaide Francesca Nieuwenhoven ("Minor Child"), born on November

29, 2018, now age three (3) years.

2.    Petitioner files this Petition for Return of the Minor Child pursuant to the

Convention on the Civil Aspects of International Child Abduction, done at the Hague on October

25, 1980 ("Convention"), which went into effect on July 1, 1988, and 22 U.S.C. §9001, the International Child Abduction Remedies Act ("ICARA").

3.     The objects of the Convention are:

  a.     Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

  b.     Article 1(b): To ensure the rights of custody and of access under the law of one Contracting State are effectively respecting in the other Contracting States.

4.     Both Australia and the United States of America are signatories to the Convention.

## II. JURISDICTION

5.     This Court has jurisdiction pursuant to 22 U.S.C. §9003(a).

6.     A decision under the Convention is not a determination of custody of the Minor Child pursuant to Article 19 of the Convention and of 22 U.S.C. §9001(b)(4).

## III. STATUS OF PETITIONER

7.     Petitioner has a right of custody of the Minor Child, named herein, within the meaning of Articles 3 and 5 of the Convention in that the Petitioner is the natural father of the child.

8.     At the time of the wrongful removal and retention of the Minor Child, the parties were in an intact marriage and the Petitioner was actually exercising custody within the meaning of Articles 3 and 5 of the Convention.

9.     The Minor Child was habitually a resident in Australia within the meaning of Article 3 of the Convention immediately before the wrongful removal and retention of the Minor Child by the Respondent, **NICOLE PISANI** ("Respondent"). See Request for Return of Children Attached hereto as Exhibit "A."

## IV. REMOVAL AND RETENTION OF CHILD BY RESPONDENT

10.     On July 2, 2022, the Respondent traveled with the Minor Child to Sumter County, Florida during the child's school break and was required to return with the Minor Child to the child's habitual residence of Medindie, Australia on July 26, 2022.

11.     On July 24, 2022, the Respondent informed the Petitioner that she did not want to return to Australia and extended her trip until August 14, 2022. The Petitioner adamantly objected to the child remaining in the United States after July 26, 2022; however, after further discussions with the Respondent, the Petitioner agreed to allow the Respondent and minor child to extend their trip until August 14, 2022.

12.     Respondent did not return to Medindie, Australia with the Minor Child on August 14, 2022 and has wrongfully removed and retained the Minor Child from Australia within the meaning of Article 3 of the Convention and continues to wrongfully retain the child in the United States despite efforts on the part of the Petitioner to have the child returned.

13.     Respondent and Minor Child are presently in Sumter County, Florida.

14.     Following are the facts of the wrongful removal and retention of the child from Australia:

a.     The parties were married on June 13, 2017 in Adelaide, Australia and remained residing in Australia;

b.     The Minor Child was born in Australia in 2018;

c.     The parties have remained in an intact marriage throughout the Minor Child's life, residing exclusively in Australia;

d.     Pursuant to the laws of Australia, by way of their intact marriage, the Petitioner and Respondent both have rights of custody with regard to the Minor Child, which

include the right to determine her place of residence. There are no Court orders varying the parties' shared parental responsibility or limiting the Petitioner's responsibility and rights of custody with regard to the Minor Child;

      e.    The Petitioner and Respondent share responsibility for the care of the Minor Child and meeting her day to day needs. The Petitioner was exercising his timesharing rights over the minor child freely and openly as customary during the parties' marriage;

      f.    Prior to July 2, 2022, the parties had agreed that the Respondent would be able to travel with the Minor Child to Sumter County, Florida to visit with her family during the Minor Child's school break with a return date of July 26, 2022;

      g.    On July 24, 2022, the Respondent informed the Petitioner that she did not want to return to Australia and that she unilaterally extended her trip until August 14, 2022. The Petitioner objected to the extended trip for the minor child and requested that the child be returned to Australia on July 26, 2022 as planned;

      h.    After further discussions with the Respondent, the Petitioner agreed to the extension of the Respondent and minor child's trip until August 14, 2022. However, instead of returning with the Minor Child to Australia, the Respondent has wrongfully retained the Minor Child in Florida, notifying the Petitioner's family members that she does not intend to return to Australia with the Minor Child;

      i.    As evidenced that the Respondent planned the Minor Child's removal and retention from Australia, shortly upon her arrival to Sumter County, Florida, the Respondent retained local Florida counsel;

      j.    On August 26, 2022, the Petitioner filed with the Australian Central Authority an application for the return of the child under the Hauge Convention; and

k.      Since the date of the wrongful removal and retention, the Petitioner has not seen or spoken to his daughter.

15.     At the time of the wrongful removal, the Petitioner, Respondent, and Minor Child were all habitual residents of Australia.

16.     The Minor Child is a citizen and was permanently residing in Australia at the time of the wrongful removal and retention.

17.     By operation of Australian legislation, each of the parents of a minor child has parental responsibility and rights of custody unless and until a court order states otherwise. Pursuant to this shared parental responsibility decisions about the habitual residence of a minor child should be taken by both parties jointly. While the parties agreed that the Respondent would be able to travel with the Minor Child to Florida, she could not change the child's habitual residence without the consent of the Petitioner, who was exercising full parental rights at the time of the wrongful removal. Therefore, in accordance with Australian legislation the current retention of the Minor Child in the United States is wrongful because any change in the child's habitual residence should be decided between the parties or submitted to the competent Court in Australia.

18.     Pursuant to Australian legislation the Petitioner has rights of custody in relation to the Minor Child and these rights and custody have been breached within the meaning of Article 3 of the Convention. Therefore, the Petitioner demands the return of the minor child.

19.     The Australian Central Authority has requested assistance in returning the Minor Child from the National Center for Missing and Exploited Children, as the agent for the Department of State's Office of Children's Issues which is the Central Authority for the United States of America.

20.    Undersigned counsel has been retained at the request of the Petitioner to effectuate the return of Adelaide Francesca Nieuwenhoven.

## V. CUSTODY PROCEEDINGS IN THE UNITED STATES

21.    Although there are no known custody proceedings currently pending in the United States, the Courts of this State are requested to stay any other proceedings concerning the custody of the child as required by Article 16 of the Convention.

## VI. PERMANENT RELIEF REQUESTED

22.    Petitioner requests the following relief:

a.    The Minor Child be returned to the Petitioner immediately for the purpose of returning her to Australia;

b.    Order the Law Enforcement Officials of the State of Florida and the United States Federal Government assist the Petitioner in enforcing the Order; and

c.    The Petitioner requests that this Court award him all costs and fees incurred as required by Article 26 of the Convention and 22 U.S.C. §9007.

## VII. NOTICE OF HEARING

23.    Pursuant to 22 U.S.C. the Respondent shall be given notice pursuant to the provisions of the appropriate State and Federal Statutes.

**WHEREFORE**, Petitioner, **RICKY NIEUWENHOVEN**, requests that this Court grant all relief requested herein, award the Petitioner fees and costs for having to bring this litigation, and grant such other relief as may be deemed just and equitable.