**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RICK NEIUWENHOVEN,

     **Plaintiff,**

v.                                                                    **Case No: 5:23-cv-34-GAP-PRL**

NICOLE PISANI,

     **Defendant.**

---

**REPORT AND RECOMMENDATION[1]**

Upon referral, this matter brought pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011, is before the Court on the motion of Plaintiff Nick Neiuwenhoven for judgment on the pleadings against Garnishee Charles Schwab & Co., Inc. (Doc. 103). No party, (including the Garnishee and Defendant Nicole Pisani) has filed a response in opposition to the motion for judgment on the pleadings. For the reasons explained below, I recommend that Plaintiff's motion (Doc. 103) be granted.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

## I.      Background

Previously, Plaintiff obtained a judgment against Defendant Nicole Pisani in the amount of $45,210.30, representing attorney's fees and costs. (Doc. 80). Later, Plaintiff moved for a writ of garnishment to satisfy the judgment on the basis that that no payments have been made and that the entire amount of the judgment remains owed to Plaintiff. Plaintiff believed that Charles Schwab & Co., Inc., is or may be indebted to Defendant or have in their hands, possession, or control, tangible or intangible personal property of the Defendant. Accordingly, the Court issued a writ of garnishment against Garnishee Charles Schwab. (Doc. 99).

Plaintiff contends that he complied with the statutory notice requirements of Florida Statute § 77.041. Plaintiff asserts that he mailed via certified first-class mail to Defendant's last known address copies of Plaintiff's Motion for Writ of Garnishment against Charles Schwab, the Writ of Garnishment, a Notice to Defendant of Rights Against Garnishment of Wages, Money and Other Property, and a Claim of Exemption and Request for Hearing form as required by § 77.041. Plaintiff further contends that the mailing was not returned. No claim of exemption was filed on behalf of Defendant.

Meanwhile, Garnishee Charles Schwab answered the writ of garnishment as follows:

> Schwab has identified the following accounts in the possession or control of Nicole Pisani, which have been in Schwab's custody from the time of service of the Writ until the date of this Answer:
>
> • Schwab account no. XXXX-9073, a Roth Contributory IRA maintained in the name of Nicole Francesca Pisani, containing $57.44 in cash and $0.00 in securities, for a total account net worth of $57.44. This account is restricted.
>
> • Schwab account no. XXXX-8603, a Contributory IRA maintained in the name of Nicole Pisani, containing $582.97 in

cash <u>and securities in an amount sufficient to satisfy the judgment</u>. This account is restricted.

(Doc. 102 at 2-3, emphasis added). Garnishee further notes "[p]lease be advised that securities are subject to market fluctuation. Accordingly, the value of this account may, and likely will, fluctuate." (Doc. 102 at 2).

Plaintiff then filed a motion for judgment on the pleadings requesting that the Court award $45,210.30 (the full judgment amount against Defendant), plus interest, to Plaintiff, and direct the garnishee to liquidate the securities contained in Defendant's account XXXX8603 and award Plaintiff the proceeds from the account to satisfy the judgment.

## II.    Legal Standards

Federal Rule of Civil Procedure 69 requires a judgment creditor to enforce a money judgment by following "the procedure of the state where the court [that issued the judgment] is located." Fed. R. Civ. P. 69(a); *See Surtec Ins. Co. v. Nat'l Concrete Structures, Inc.*, No. 12-60051, 2014 WL 12480184, at *1 (S.D. Fla, July 3, 2014). Accordingly, Chapter 77 of the Florida Statutes "sets forth the garnishment procedure in aid of execution." *Suretec*, 2014 WL 12480184, at *1. Under Florida law, moving for a judgment on the pleadings is appropriate in garnishment proceedings. *Grain Dealers Mut. Ins. Co. v. Quarrier*, 175 So. 2d 83, 85 (Fla. 1st DCA 1965); *See Suretec*, 2014 WL 12480184, at *1 (granting motion for judgment on the pleadings in garnishment proceeding). "[J]udgment on the pleadings may only be granted if, on the facts admitted for the purpose of the motion, the moving party is clearly entitled to judgment as a matter of law." *Coddington v. Staab*, 716 So. 2d 850, 851 (Fla. 4th DCA 1998).

Florida law grants a right to a writ of garnishment to "every person or entity who . . . has recovered judgment in any court against any person or entity." *Francois v. Washmonbo, Inc.*, No. 05-23368-CIV, 2008 WL 2694752 at *2 (S.D. Fla. July 8, 2008). Under Florida law

"[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Zivitz v. Zivitz*, 16 So.3d 841, 847 (Fla. 2d DCA 2009). *See also Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So.3d 83, 86 (Fla. 3d DCA 2013) ("It is fundamental that garnishment statutes must be strictly construed."). Florida Statute § 77.041 sets forth the requirements for notice to individual defendants regarding claims of exemption from garnishment.

### III.    Discussion

Neither Defendant Nicole Pisani nor the Garnishee has responded in opposition to the motion for judgment. Likewise, Defendant did not file a claim for exemption, and the time for doing so has expired. As the Eleventh Circuit has observed, the applicable statutes "clearly state that an exemption claim and motion to dissolve 'must' have been filed within the specified time periods. *Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 870–71 (11th Cir. 2018), citing Fla. Stat. §§ 77.041, 77.055.

Here, there are no disputed facts, as Garnishee admits in its Answer that it is indebted to Defendant in the amounts of $57.44 in cash in account XXXX9073 and $582.97 in cash plus "securities in an amount sufficient to satisfy the judgment" in account XXXX8603. (Doc. 102).

After Plaintiff served notice of Garnishee's Answer on Defendant, no claim for exemption or motion to dissolve the writ of garnishment was filed and the time for doing so has expired. See Fla. Stat. § 77.07 (requiring defendant to file motion to dissolve writ of garnishment within 20 days after date of service of garnishee's answer on defendant). Any claim for exemption that Defendant may have had has been forfeited by her failure to timely file a claim of exemption and a motion to dissolve the writ. *See Branch Banking,*, 730 F. App'x

at 871 (observing that "by failing to timely file the claim of exemption and motion to dissolve, [the defendant] forfeited his exemption claim and his opportunity to dissolve the writ as to the retirement accounts").

As Fla. Stat. § 77.083 mandates the entry of judgment against the Garnishee for the amount of its liability as disclosed by the Garnishee's Answer, Plaintiff is entitled to judgment and Garnishee should be directed to liquidate and disburse funds sufficient to satisfy the judgment amount of $45,210.30, plus interest. Plaintiff requests that the cash and securities in account XXX8603 be liquidated in the amount of $45,210.30 plus interest to satisfy the judgment. (Doc. 103 at 5-6). Finally, in its Answer, Garnishee does not demand a statutory allowance toward a reasonable attorney's fee. (Doc. 102).

## IV.    Recommendation

For the reasons explained above, it is respectfully recommended that Plaintiff's motion for judgment in garnishment as to Garnishee Charles Schwab & Co., Inc. be GRANTED in the amount of $45,210.30 plus interest according to law, and that Garnishee be directed to liquidate cash followed by securities in account XXX8603 in a total amount sufficient to satisfy the judgment,[2] and disburse the garnished funds payable to the trust account of Plaintiff's counsel, Karen E. Lungarelli, Esquire.

---

[2] Garnishee has requested that the Court "expressly direct liquidation of securities and specify which positions – and, if applicable, in what amounts and in what order – securities should be liquidated." (Doc. 102 at 3). The Court, however, is without sufficient expertise and information regarding the securities that may be contained within the account to issue directions beyond what is stated in this Report and Recommendation.

- 6 -

**RECOMMENDED** in Ocala, Florida on March 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties